## BROWN v. HODGSON.

Supreme Court. Kent. October, 1795.

*Bayard's Notebook, 114.*

The case was argued by *Ridgely, Read* and *Bayard* for the appellants and by *Bedford, Miller* and *Clark* for respondents.

For the appellants it was contended that the widow took by necessary implication an estate in the two-thirds till her son Joseph attained his age of 21 years. That there were many cases in the books in which estates had been created by implication. That the implication should certainly be strong, and where it was to divest the right of the heir should be technically necessary. By technically necessary they meant that the implication should be grounded upon a manifest intent of the testator that the heir should be postponed till the implied estate expired. Vaugh. 263 and Cro.Jac. 75 cites 13 Hen. VII, pl. 17, in which it is held that a devise to the heir after the death of the wife is a good estate to the wife for life by implication. That the case of *Higham and*

*Baker,* Cro.Eliz. 15, was much stronger than the principal case, because there was not only an express devise to the wife, but the implication arose upon a devise to the youngest son after the death of the wife, which did not furnish a necessary implication that the wife should take, because it might be the intent of the testator that in the meantime the estate should descend to the eldest son. The same principle was to be found in 8 Vin.Abr. 355 pl. 29, 2 Vern. 723, 1 P.Wms. 472, 5 Burr. 2608, 2 Bl.R. 692, 1 Term 389, 1 Eq.Cas.Abr. 196 pl. 1, 2, 1 Burr. 44, 1 Ves.Sr. 24, 3 Bing. 1570. That in the present case the testator first gives to his wife expressly one third part of his plantation. The other two-thirds he devised to his son Joseph after the death of the wife. If the provisions of the will had stopped here, the case would have been directly within the principle of the cases cited. The wife would certainly have taken an estate for life by implication. The only question, then, is how this state of the case is varied by the subsequent directions of the will. The testator afterwards directs that the two-thirds of Joseph shall be laid off to him when he attained his age of 21. This qualifies the former devise and pares down the estate which passed by the implication from a life estate to a term during the minority of Joseph. And that it might reasonably be supposed that the testator intended the wife should have the whole of the land during the minority of the son as a fund for the support of the children generally.

For the respondents it was argued that an implication was never allowed against the evident intent of the testator, 2 Vern. 60. That there could be little doubt in the present case that it was not the testator's design to give his wife any estate in the two-thirds which were limited to Joseph. He had made express provision as to one-third, and it was reasonable, therefore, to suppose that, as to the two thirds, if he had designed to give them to her also he would have done it expressly. An express devise excludes implication, as in *Popham and Bamfield*—devise to *A* for life, remainder to his first son, etc., and if *A* die without issue, remainder over. *A* took only an estate for life. Same principle is in Salk. 226, pl. [1], so in 2 Vern. 450. That the present case was distinguishable from the cases cited, because here parcel of the same estate had been previously given to the wife. That this circumstance also removes all difficulty as to the intention of the testator. Having first given one third of the plantation to his wife, he afterwards gives the whole plantation generally to his son after the death of his wife. If nothing had been given to the wife, such a provision would have evidently shown an intention that the wife should take the whole, but as part of the same property had been given to the wife for life, the just and true

construction of the general words after used is that as to the wife's part, though the son was to have that after her death, yet he was to wait till that event happened; but as to that part not given *to the wife* for life, the words of postponement were not designed to affect it. It was plain the intent required the words to be thus construed distributively, because it was taken for granted afterwards that no estate for life was given in the two-thirds to the wife in the direction that Joseph should have his two-thirds laid off upon attaining twenty-one. The case of *Simpson and Hornby*, Prec.Ch. 439, proceeds upon the principle of the distinction taken in this case.

This cause had been argued at a former term, but there being but two judges on the bench and they differing in opinion no judgment could be then given. Upon the present argument the Court consisted of READ, C. J. and CLAYTON and ROBINSON, JJ. The CHIEF JUSTICE delivered the opinion of ROBINSON, J., and himself.

CHIEF JUSTICE. Wills are to be so construed that effect shall be given to every word. Roll. R. 319, Plow. Comm. 540, Vent. 30, 9 Mod. 154. An estate by implication shall not be raised against what is expressed. Salk. 226, Talb. 9. As to general words, they are to be taken in the sense most likely to carry the intent into effect. We conceive in the present case the testator has so far expressed his intent as to leave nothing for implication. In the first part of the devise, the testator makes provision for his wife by a gift of one third part of his real and personal estate. This was in nature of a jointure or dower. Then the whole is limited over to Joseph. Taking all the words together, it must be inferred that the general limitation over regarded only the one-third before expressly given to the wife for life, especially taking into view the direction that Joseph's part should be laid off when he attained 21 years of age. This construction is supported by the case of *Simpson and Hornby*, Prec.Ch. 439, [452,] reported also in Gilbert and stated in Viner.

The case before the Court is stronger than that of *Simpson and Hornby*. In that case the limitation over was postponed till after the death of the wife. The devise here is that Joseph should take all upon the death of the wife. Had the testator gone no further, the case would have been the same with *Simpson and Hornby*, but he proceeds to direct that the two-thirds of Joseph should be laid off upon his arriving at age. This directly negatives the implication relied on, because the implication goes to an estate for life, and here the express direction shows that such an implication is against the intent. The common implication from a provision such as is contained in the first part of the devise, being

repelled by an intent expressly appearing, leaves the case more open to the rule of construction in *Simpson and Hornby* which required that the words of the general devise should be construed distributively and those of postponement be confined to the one-third only expressly given. There is no doubt but an estate may be taken by necessary implication, but we conceive that in this case no such implication exists, and that it is not necessary to imply a gift to the wife of the two-thirds in order to satisfy the words of the will.

CLAYTON, J., said he differed from his brethren and, notwithstanding the high respect he entertained for the opinion of the Chief Justice, he could not concur in that which had been just expressed by the Court. He should not go into the detail of the argument but briefly notice the leading points of it. That as to the case of *Simpson and Hornby,* so much relied on, it appeared in Prec.Ch. 452 that there were strong words of exclusion debarring the wife from any claim by implication. He did not consider that case in any degree as governing the present. This case fell within the general principle of a necessary implication. And if the testator had not introduced the provision for laying off the two-thirds when Joseph arrived at 21, the wife would have clearly taken an estate for life; that provision must have its operation, and thereby the estate for life which the former words gave is reduced to a term till Joseph attain 21 years. The son was, equally with the daughters, provided for out of the personal estate, and it was extremely likely that the testator designed that the wife should have all the lands during the minority of Joseph for the support of the children. This effect was produced by the construction he put on the will.

Decree of the Orphans' Court affirmed.